DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

STEFAN THEODORE MALGARINOS, FDBA        Chapter 13
MANOS BUSINESS MANAGEMENT COMPANY        Case No. 17-23648 (RDD)
AND/OR TS MALGARINOS & COMPANY,

                      Debtor.
-----------------------------------------------------------X
BARRIER CONTRACTING LLC.,

                      Plaintiff,

    -against-                                    Adv. Pro. No. 18-08215 (RDD)

STEFAN MALGARINOS, INDIVIDUALLY AND
DOING BUSINESS AS MANOS BUSINESS
MANAGEMENT COMPANY AND/OR TS
MALGARINOS & COMPANY,

                      Defendant.
-----------------------------------------------------------X

**AMENDED
COMPLAINT SEEKING DETERMINATION OF NON-DISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A) and §523(a0(4)**

Plaintiff, Barrier Contracting LLC ("Plaintiff" or "Barrier"), by and through its undersigned counsel, as for its Complaint against Defendant Stefan Malgarinos, Individually and Doing Business as Manos Business Management Company and/or TS Malgarinos & Company ("Defendant"), alleges as follows:

1514678
70157050-001

**PRELIMINARY STATEMENT**

1. By this action, Plaintiff seeks a judgment determining that Defendant's debt to Plaintiff arising from breach of contract and conversion arising from Defendants' diversion of Plaintiff's monies to have been applied towards payment of payroll taxes, fees and charges, and for an accounting with respect to such monies are non-dischargeable pursuant to 11 U.S.C. §§523(a)(2)(A) and §523(a)(4).

**JURISDICTION AND VENUE**

2. This adversary proceeding is brought pursuant to §§ 105 and 523(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4007 and 7001.

3. Jurisdiction to is vested in this Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding as designated by 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

5. Plaintiff, Barrier Contracting LLC., ("Barrier") is a limited liability company organized under the laws of New York State, and maintains its place of business in the County of Westchester, State of New York.

6. Upon information and belief, and at all relevant times, Defendant Stefan Malgarinos was, and still is, an individual residing at 30 Broadway, Pleasantville, New York 10570.

7. On October 25, 2017, Stefan Malgarinos filed for relief under Chapter 13 of the Bankruptcy Code in the Southern District of New York, and was assigned Case No. 17-23648-rdd (the "Chapter 13 Case").

8. Upon information and belief, and at all relevant times, Defendant Stefan Malgarinos was, and still is, doing business as Manos Business Management Company ("Manos Business").

9. Upon information and belief, and at all relevant times, Defendant Stefan Malgarinos was, and still is, doing business as TS Malgarinos & Company ("TS Malgarinos").

10. Upon information and belief, Manos Business Management Company, Inc., was a domestic corporation formed under the laws of New York State on or about January 23, 1992.

11. Upon information and belief, by Proclamation of Dissolution made on or about June 26, 1996, Manos Business Management Company, Inc. was dissolved, and thereupon, its entity status has remained "inactive" with the New York State Department of State.

**STATEMENT OF FACTS**

12. Sometime prior to June 2014, Barrier engaged Manos Business to provide payroll processing and related services on behalf of Barrier, including delivering payroll checks and making tax and other payments due to federal, state and/or local government agencies.

13. As part of its services on behalf of Barrier, Manos Business agreed to provide, among other things, the following services:

    A. prepare payroll checks in a timely and complete manner and deliver same to Barrier, or make pick up available;

    B. prepare payroll reports on a weekly or other basis agreed-upon by Barrier;

    C. make payroll tax payments and other related payments on behalf of Barrier, to applicable government agencies, in a timely and complete manner;

    D. respond to notifications and inquiries from government agencies, on behalf of Barrier, in a timely and complete manner, including among other reasons, to ensure that Barrier remained in compliance with applicable laws, codes and regulations;

    E. work cooperatively with government agencies, including but not limited to the New York State Department of Labor, and provide all reasonable and

necessary information on behalf of Barrier in a timely and complete manner, with respect to payroll and other services handled on behalf of Barrier.

14. Stefan represented to Barrier that both he and Manos Business were fully capable to provide the aforesaid services to Barrier.

15. Based upon such representations, Barrier would provide Stefan, at Manos Business, with payroll hours of Barrier's employees so that Manos Business could prepare and process the payroll.

16. Upon receipt of such information, Manos Business, through Stefan, would prepare the weekly payroll report and cause paychecks to be delivered to Barrier.

17. Contemporaneously with the issuance of payroll report, Stefan would cause a check from Barrier representing payment of payroll taxes to be made payable to Manos Business Management, for processing and remitting to the applicable governmental entities, signing the check as "Wayne Jeffers Jr."

18. Stefan would write a check from Barrier's account to himself in amount he would estimate to be equal to the total payments due for payroll and taxes plus fees signing the check as "Wayne Jeffers Jr.".

19. Manos Business and its employees were required to issue either paper checks or electronic payroll tax payments to the applicable government taxing authorities utilizing the funds provided to them by Barrier.

20. During the course of their services on behalf of Barrier, Defendant represented to Barrier that all payments were being timely and fully made to the applicable taxing authorities or any other requisite government agency, including payments to be made to the New York State Department of Labor, the New York State Department of Taxation and Finance, and the Internal Revenue Service.

21. In the event notification of non-payment or non-filing was received by Barrier from a government agency, including any taxing authority or the New York State Department of Labor, the New York State Department of Taxation and Finance, and the Internal Revenue Service.

22. Sometime after January 28, 2016, Barrier learned that Manos Business had failed to make requisite payments to the New York State Department of Labor and the New York State Department of Taxation and Finance.

23. The period of Manos Business' failure to remit tax payments on behalf of Barrier, utilizing the funds provided by Barrier to Manos for such purpose, continued from about September 5, 2014 through January 28, 2016.

24. Upon learning that Manos Business failed to remit payroll tax payments as required, Barrier retained a new payroll company to handle its payroll services, in place of Manos Business.

25. Upon learning that Manos Business failed to remit payroll tax payments as required, Barrier contacted the Internal Revenue Service and New York State Department of Taxation and Finance and received confirmation that payments from Manos Business, on behalf of Barrier, were not made.

26. Manos Business has failed and refused to return to Barrier any portion of the tax payments provided by Barrier, in the amount of at least $86,700.13, which funds were never remitted to the applicable taxing authorities though Manos Business was duly obligated to ensure the remitting of such funds.

27. Upon information and belief, TS Malgarinos is an entity owned and operated by Stefan for the same purpose as that of Manos Business.

28. Upon information and belief, TS Malgarinos shared the same business address, employees, telephone number, equipment, inventory and furnishings as Manos Business.

29. Upon information and belief, the monies transmitted by Barrier to Manos Business for the purpose of remitting payroll tax and other payments, were commingled with TS Malgarinos.

30. Upon information and belief, Stefan had and continue to conduct business under the names of both Manos and TS Malgarinos without distinction of identification, purpose or nature.

### AS AND FOR A FIRST CAUSE OF ACTION
### [Non-Dischargeability Pursuant to §523(a)(4)]

31. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 29 hereof with the same force as set forth herein.

32. Defendant owed a fiduciary duty to Barrier to safeguard funds held by them, for the benefit of Plaintiff, consistent with the payroll services to be provided to Plaintiff.

33. Defendant owed a fiduciary duty to Barrier to apply such funds towards the payment of payroll taxes, fees and charges due by Barrier to applicable government agencies.

34. Defendant breached his fiduciary duty to Barrier by withholding payments due to government agencies, and retaining or diverting such funds, contrary to Defendant's obligations to Barrier.

35. As a result of such breaches of fiduciary duty, Barrier suffered damages in an amount to be determined, but at least $86,700.13, together with interest, costs, disbursements and attorneys' fees.

36. Defendant converted, for his personal use and enjoyment, the assets and funds of Barrier.

37. Defendant converted Barrier's funds, to be applied towards payment of payroll taxes, fees and charges, to Barrier's detriment.

38. Defendant prevented Barrier from exercising its right of use and enjoyment to the aforesaid monies in the manner intended.

39. As a result of such breaches of fiduciary duty, Barrier demands judgment against Defendant declaring that Plaintiff's claims for debt for damages are excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

## AS AND FOR A SECOND CAUSE OF ACTION
### [Non-Dischargeability Pursuant to §523(a)(2)(A)]

40. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 38 hereof with the same force as set forth herein.

41. Defendant represented to Plaintiff that he and Manos Business would make payroll tax payments and other related payments on behalf of Barrier, to applicable government agencies, in a timely and complete manner, which statement was false.

42. Plaintiff reasonably relied upon Defendant's false pretenses, false representations, and fraudulent conduct, to its detriment, when determining whether to hire Defendant and Manos Business as its payroll service.

43. Upon information and belief, Defendant intended to deceive the Plaintiff to induce Plaintiff to hire Defendant and Manos Business as its payroll service, and thereafter remit monies to Defendant and Manos Business, to be remitted to the applicable government agencies.

44. Defendant's fraudulent inducement proximately caused Plaintiff to incur damages in an amount to be determined, but at least $86,700.13, together with penalties, interest, costs, disbursements and attorneys' fees.

45. As a result of such false pretenses, false representations, and actual fraud, Barrier demands judgment against Defendant declaring that Plaintiff's claims for debt for damages are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Barrier Contracting LLC respectfully requests this Court enter judgment in its favor and against Defendant Stefan Malgarinos, Individually and Doing Business as Manos Business Management Company and/or TS Malgarinos & Company determining that the Defendant's obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and §523(a)(4).

Dated: White Plains, New York
February 28, 2018

                                       DELBELLO, DONNELLAN, WEINGARTEN,
                                       WISE & WIEDERKEHR, LLP
                                       *Attorneys for Barrier Contracting LLC*
                                       One North Lexington Avenue
                                       White Plains New York 10601
                                       (914) 681-0200

                               By: */s/ Julie Cvek Curley*
                                       Julie Cvek Curley, Esq.
                                       Jonathan S. Pasternak, Esq.